UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| EDWARD J. MITCHELL, | ) |
| Petitioner, | ) ) ) |
| v. | ) No.: 3:20-CV-239-TAV-HBG ) |
| RUSSELL BARKER, | ) ) |
| Respondent. | ) |

## MEMORANDUM OPINION

On June 4, 2020, this Court entered an order denying Petitioner, a pretrial detainee, permission to proceed *in forma pauperis* in this action for relief pursuant to 28 U.S.C. § 2241 [Doc. 5]. The Court provided Petitioner twenty-one (21) days within which to pay the $5.00 filing fee and submit a completed § 2241 form [*Id*.]. Petitioner submitted his § 2241 form on June 12, 2020 [Doc. 6]. He has failed, however, to submit the filing fee in this action. For the reasons set forth below, this action will be **DISMISSED**.

Rule 41(b) of the Federal Ruled of Civil Procedure gives this Court the authority to dismiss a case for "failure of the plaintiff to prosecute or to comply with these rules or any order of the court." *See, e.g.*, *Nye Capital Appreciation Partners, L.L.C. v. Nemchik*, 483 F. App'x 1, 9 (6th Cir. 2012); *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 362–63 (6th Cir. 1999). The Court considers four factors when considering dismissal under Rule 41(b):

(1) whether the party's failure is due to willfulness, bad faith, or fault;
(2) whether the adversary was prejudiced by the dismissed party's conduct;
(3) whether the dismissed party was warned that failure to cooperate could

lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005).

As to the first factor, the Court finds that Petitioner's failure to respond to or comply with the Court's previous order is due to Petitioner's willfulness and/or fault. Specifically, it is apparent that Petitioner received the Court's order to pay the fee and failed to do so. As such, this factor weighs in favor of dismissal.

As to the second factor, the Court finds that Petitioner's failure to comply with the Court's order has not prejudiced Respondent. This factor does not weigh in favor of dismissal.

As to the third factor, the record reflects that the Court warned Petitioner that the Court would dismiss this case if he failed to comply with the Court's order [Doc. 5]. Therefore, this factor weighs in favor of dismissal.

Finally, as to the fourth factor, the Court finds that alternative sanctions would not be effective. Petitioner is a detainee with resources to pay the filing fee, which was due at the time of filing. Petitioner has not paid the fee, however, even though his § 2241 form was returned to the Court well in advance of the payment deadline. Therefore, this factor weighs in favor of dismissal.

For the reasons set forth above, the Court concludes that the relevant factors weigh in favor of dismissal of this action pursuant to Rule 41(b).

The Court must now decide whether to grant Petitioner a certificate of appealability ("COA"). A COA should issue where a petitioner makes a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court denies a habeas petition on a procedural basis without reaching the underlying claim, a COA should only issue if "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court is dismissing this petition because Petitioner failed to prosecute this action and did not comply with a Court order, a procedural ground. Reasonable jurists could not find that this dismissal is debatable or wrong. Accordingly, a certificate of appealability shall not issue.

The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. Fed. R. App. P. 24.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

**ENTER:**

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE