UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| EDWARD J. MITCHELL, | ) |   |   |
|---|---|---|---|
| Petitioner, | ) |   |   |
| v. | ) | No.: | 3:20-CV-239-TAV-HBG |
| RUSSELL BARKER, | ) |   |   |
| Respondent. | ) |   |   |

**MEMORANDUM OPINION AND ORDER**

Petitioner Edward J. Mitchell has filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 challenging his pretrial detention at the Anderson County Detention Facility [Docs. 1 and 6].

## I. BACKGROUND AND PROCEDURAL HISTORY

Sometime prior to December 2016, Petitioner was arrested and charged with drug offenses in the Anderson County Criminal Court [*See* Docs. 1 and 6]. Petitioner was initially released on bond, but that bond was revoked on December 22, 2016, and it was determined that Petitioner would be held without bond until trial [Doc. 6 p. 2]. Petitioner maintains that he has a constitutional right to bond and the right to a bond hearing, and he alleges that his revocation hearing was held without adequate notice [*Id*. at 7]. In the instant action, he asks the Court to "look at the facts" of his revocation, reinstate his bond, and award him damages [*Id*. at 8].

This Court previously determined that Petitioner was not entitled to proceed *in forma pauperis* in this action and ordered him to pay the filing fee [*See* Doc. 5]. When the filing fee was not timely received, the Court dismissed the action for want of prosecution [Doc. 8]. Petitioner subsequently sought to reopen this case due to the alleged uncooperativeness of the Anderson

County Detention Facility in forwarding the filing fee [*See* Docs. 9 and 10]. The Court granted Petitioner's motion to reopen and again directed him to pay the filing fee [Doc. 10]. When the filing fee was not timely received, the Court entered an order directing Petitioner to show cause why this action should not be dismissed [Doc. 12]. Petitioner has now filed a response to that order claiming that he has requested that funds be deducted from his inmate account, and that he has no redress for the facility's failure to submit those funds to this Court [Doc. 13]. Upon due consideration, the Court finds Petitioner's argument plausible and persuasive as a showing of cause. Therefore, the Court's previous denial of Petitioner's *in forma pauperis* application will be **VACATED**, and Petitioner will be **GRANTED** permission to proceed *in forma pauperis* in this action.

## II.     DISCUSSION

Because Petitioner was a pretrial detainee at the time he filed this action, 28 U.S.C. § 2241 governs his federal habeas petition. *Phillips v. Hamilton Cnty Ct. of Common Pleas*, 668 F.3d 804, 809 (6th Cir. 2012) (noting that while § 2254 applies after judgment of conviction, § 2241 governs pre-trial petitions). An inmate seeking relief under § 2241 must generally "exhaust all available state court remedies before proceeding in federal court." *Id*. at 810. The burden of showing exhaustion rests on Petitioner. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). In Tennessee, presentation of claims to the Tennessee Court of Criminal Appeals ("TCCA") is sufficient for exhaustion. *Adams v. Holland*, 330 F.3d 398, 403 (6th Cir. 2003). Petitioner has not demonstrated — nor has he alleged — that he has presented his claims to the TCCA. Accordingly, his petition is unexhausted, and it will be dismissed.

Moreover, absent extraordinary circumstances, federal courts are prohibited from interfering with ongoing state criminal proceedings. *See Younger v. Harris*, 401 U.S. 37, 53-54

(1971); *Cinema Blue of Charlotte, Inc., v. Gilchrist*, 887 F.2d 49, 50-53 (4th Cir. 1989) (district courts should abstain from constitutional challenges to state judicial proceedings if the federal claims have been or could have been presented in an ongoing state judicial proceeding). According to his petition, Petitioner has counsel in his State-court proceedings, proceedings are ongoing and involve matters of State law, and federal relief would interfere with that litigation [*See, generally*, Doc. 6]. Accordingly, federal intervention is not warranted. *See Middlesex Cnty. Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982) (noting abstention in favor of State proceedings is required if proceedings are ongoing, involve important State interests, afford an adequate opportunity to raise federal questions, and federal relief would interfere with the State proceedings).

Additionally, the Court finds Petitioner was initially released on bond, and that bond was revoked. Although Petitioner thinks the revocation was unwarranted, there is no absolute federal constitutional right to release on bail pending trial or appeal. *Bloss v. People of the State of Michigan*, 421 F.2d 903, 905 (6th Cir.1970). Therefore, Petitioner's allegations regarding the denial of bond implicate no clearly established federal right.

Finally, the Court notes that Petitioner challenges his incarceration without access to a breathing machine. A civil rights action under 42 U.S.C. § 1983, not a habeas proceeding, is the proper avenue by which to raise a challenge to any of Petitioner's conditions of confinement. *See Luedtke v. Berkebile*, 704 F.3d 465 (6th Cir. 2013) (citing *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004)). Accordingly, the Clerk will be **DIRECTED** to send Petitioner a § 1983 complaint and *in forma pauperis* application, which Petitioner should complete and return to the Court if he wishes to pursue a claim against his custodians under § 1983 concerning the denial of his access to a breathing machine.

### III. CONCLUSION

For the reasons stated above, the Court's prior denial of Petitioner's *in forma pauperis* application is **VACATED** [Doc. 5], and Petitioner's motion to proceed *in forma pauperis* [Doc. 4] is **GRANTED**. The instant petition for writ of habeas corpus will be **DISMISSED WITHOUT PREJUDICE**.

Additionally, it is **CERTIFIED** that any appeal from this decision would not be taken in good faith and would be totally frivolous. Fed. R. App. P. 24.

The Clerk is **DIRECTED** to mail Petitioner a § 1983 form and the documents necessary to seek *in forma pauperis* status in such a proceeding.

**IT IS SO ORDERED.**

**ENTER:**

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE